# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50202

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2018

Lyle W. Cayce
Clerk

PHILLIP HARVEY,

Plaintiff - Appellant

v.

BEXAR COUNTY SHERIFF'S DEPARTMENT; SHERIFF SUSAN PAMERLEAU; SHERIFF JAVIER SALAZAR,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-87

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Phillip Harvey, Bexar County inmate # 894357, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint against the Bexar County Sheriff's Department and the current and former sheriffs, alleging that he was wrongfully detained for 26 months on a charge of aggravated sexual assault that was ultimately dismissed. The district court dismissed the action sua sponte under 28 U.S.C. § 1915(e)(2)(B)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and 28 U.S.C. § 1915A(b) for failure to raise a nonfrivolous claim and for filing suit against immune defendants.  The court also ruled that Harvey's appeal was not taken in good faith in light of the reasons given in the order of dismissal.

By moving to proceed IFP, Harvey is challenging the district court's good-faith certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24.

In his appellate brief, Harvey focuses on his financial eligibility to proceed IFP, which is not "directed solely to the trial court's reasons for the certification decision."  *Id.* at 202.  His notice of appeal, however, raises challenges to his detention and to alleged misdeeds occurring during the pendency of the criminal charges.  Because Harvey had been indicted, probable cause existed to support the detention.  *See Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982).  His contention that he is entitled to compensation for his wrongful detention under state law does not allege a violation of a right secured by the Constitution or laws of the United States, as required under § 1983.  *See Southwestern Bell Tel. LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).  To the extent that Harvey has presented claims against the Sheriff's Department, he has not alleged or put forth evidence to show that his detention was the result of a policy or custom of that municipality division.  *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002).  To the extent that Harvey seeks to assert that he should have been given an opportunity to amend his complaint to add claims against the trial judge, the prosecutor, or

his appointed attorneys for failing to obtain an earlier dismissal of the charges or for not reducing his bond, any effort to do so would have been futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judicial immunity); *Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (holding that appointed defense attorneys are not state actors when engaged in traditional actions in representing their clients); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutorial immunity).

The appeal is without arguable merit and is thus frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal of Harvey's complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 385-87-88 (5th Cir. 1996). Harvey previously accumulated a strike. *See Harvey v. Bexar Cty., Tex.*, No. 5:15-CV-386 (W.D. Tex. July 20, 2015) (unpublished). Because Harvey has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.